UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE ALTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>    *Defendant.* | Civil Action No. 24-478 (RDM) |
| JOE ALTER,<br><br>    *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>    *Defendant.* | Civil Action No. 24-512 (RDM) |

**MEMORANDUM OPINION**

Plaintiff Joe Alter filed the first of these *pro se* actions against former President Donald J. Trump on February 16, 2024. *See Alter v. Trump*, Civ. No. 24-478, Dkt. 1 at 1 (Compl.). Several days later, he filed the second action, which asserts the same claims. *See Alter v. Trump*, Civ. No. 24-512, Dkt. 1 (Compl.). Given this overlap, the Court will address both cases in a single opinion.

Plaintiff's complaints do not enumerate counts, but instead present several "legal questions," namely: (1) "Should the question of whether an insurrection has occurred be resolved in the Federal Court system, and Ultimately the Supreme Court?"; (2) "Were events on January 6, an attempted insurrection?"; and (3) "Did Donald Trump engage in or at least encourage and

aid such acts?" *Alter v. Trump*, Civ. No. 24-478, Dkt. 1 at 5 (Compl. ¶¶ 14–16); *Alter v. Trump*, Civ. No. 24-512, Dkt. 1 at 5 (Compl. ¶¶ 14–16).  The complaints ask the Court to declare: (1) that January 6, 2021 constituted an attempted insurrection; (2) that Donald Trump gave "aid and support to" that attempted insurrection; (3) that "Donald Trump may never again hold any office in and under the United States of America;" and (4) that "under the disqualification of 14sec3, Donald Trump is no longer protected from liability under the 1st Amendment's immunities regarding political speech, and may be held accountable for lies he tells in furtherance of his ambitions to re-attain such an office."  *Alter v. Trump*, Civ. No. 24-512, Dkt. 1 at 8 (Compl. ¶¶ 26–29); *Alter v. Trump*, Civ. No. 24-478, Dkt. 1 at 7–8 (Compl. ¶¶ 26–29).

The D.C. Circuit has recognized that a district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) where "it is patently obvious" that the plaintiff cannot "prevail[] on the facts alleged in his complaint."  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990).  That rule applies, moreover, "[e]ven under a liberal *pro se* standard."  *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011); *see also Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007).  Here, even construing the complaints liberally, the Court concludes that "it is patently obvious" that they fail as a matter of law.

Plaintiff seemingly filed these actions in anticipation of what the Supreme Court might hold in *Trump v. Anderson*, 601 U.S. 100 (2024) (per curiam), which had been argued but not yet decided at that time.  *Compare id.* (decided March 4, 2024), *with Alter v. Trump*, Civ. No. 24-512, Dkt. 1 (Compl.) (filed February 20, 2024), *and Alter v. Trump*, Civ. No. 24-478, Dkt. 1 (Compl.) (filed February 16, 2024).  The Supreme Court has since issued its decision and has held that enforcement of Section 3 of the Fourteenth Amendment requires that Congress first enact implementing legislation pursuant to Section 5.  *Trump v. Anderson*, 601 U.S. at 108–10,

117.  That decision is binding on this Court, and it forecloses Plaintiff's claims as a matter of law.

Although the concurring Justices posited that the Court's decision went further than necessary to resolve the question before it, which concerned only whether the States have independent authority to enforce Section 3, *see id*. at 117–18 (Barrett, J., concurring in part and concurring in the judgment); *id.* at 118–19 (Sotomayor, Kagan, and Jackson, JJ., concurring in the judgment), five Justices took the more sweeping path and held that "Section 5 vests *in Congress* the power to enforce" Section 3 of the Fourteenth Amendment, *id.* at 117 (per curiam) (emphasis in original).  As the Court explained, the only legislative provisions that Congress has passed to enforce Section 3 are the now-repealed provisions of the Enforcement Act of 1870, which "authorized federal district attorneys to bring civil actions in federal court," and a criminal provision codified at 18 U.S.C. § 2383, which makes engaging in insurrection or rebellion, among other acts, a federal crime punishable by disqualification from holding office under the United States. *Id.* at 114–15.  Plaintiff neither asserts nor has a private right of action under § 2383.  Thus, in light of the Court's decision in *Trump v. Anderson*, it is "patently obvious" that Plaintiff cannot prevail.

The Court will, accordingly, **DISMISS** Plaintiff's complaints in their entirety.  Separate orders will issue in both cases.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 9, 2024